# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

RANDY D. GRIFFIN,                    )
                                     )
              Plaintiff,             )
                                     )
vs.                                  )      Case No. 97CV0136K
                                     )
STEELTEK, INC., an                   )
Oklahoma corporation,                )
                                     )
              Defendant.             )

**F I L E D**

MAY 1 5 2000

Phil Lombardi, Clerk
U.S. DISTRICT COURT

## AGREED PRETRIAL ORDER

Following submission of this Proposed Agreed Pretrial Order by the parties, and by inquiry

of the Court and additions and corrections herein made, **IT IS HEREBY ORDERED**:

1.    STATEMENT OF THE CASE

    A.    Plaintiff applied for employment with Defendant in April, 1996. Plaintiff alleges that the application form was a preprinted form where Defendant had typed in additional questions seeking information about the applicant's workers' compensation, disability income and physical defects history. Plaintiff, Randy D. Griffin, has filed this lawsuit pursuant to the Americans with Disabilities Act, 42 U.S.C.§ 12101 et seq. (ADA).

    B.    Basis of jurisdiction. Federal jurisdiction was invoked pursuant to 28 U.S.C. § 1331 in that this action arises under the ADA.

    C.    Parties to the action. Plaintiff is Randy D. Griffin, an individual. Defendant Steeltek, Inc., is an Oklahoma corporation.

    D.    <u>Plaintiff's Remaining Contentions.</u>

        (a)    Defendant violated the ADA by asking him and other applicants questions about workers' compensation, disability income and physical defects history at the pre-offer-of-employment stage.

        (b)    Plaintiff has been damaged as a result, either actually or nominally.



(c)    Putting Plaintiff in the job for which he applied and enjoining the asking of such questions in the future are appropriate relief.

**Defendant objects to the inclusion of a request for injunction in the Pretrial Order for the reason that there has been no previous pleading or request for an injunction in this matter.  Steeltek has long since discontinued use of the subject questions, such that any request for an injunction, even if timely made, is moot.**

E.    Defendant's Remaining Contentions

1.    Defendant denies any wrongdoing, misconduct, or statutory violation on its part.

2.    Plaintiff's allegations are insufficient to state a claim for relief under the ADA.

3.    Plaintiff has no disability as defined by 42 U.S.C. § 12101, et seq.

4.    Plaintiff did not meet the minimum requirements for the job in question and consequently is not a "qualified individual with a disability" pursuant to 42 U.S.C. § 12101 et seq.

5.    The fact that Plaintiff was not offered a position of employment by Steeltek was not because of any disability or perception of disability by Steeltek, but rather because Plaintiff was not the best person for the job or qualified for the job.

6.    Plaintiff's complaint is wholly frivolous, and is part of a pattern or practice of Plaintiff filing wholly frivolous employment claims.

7.    Steeltek did not discriminate against Plaintiff because of any disability.

8.    Plaintiff has suffered no damages as a direct result of any alleged discrimination on the part of Steeltek.

9.    The type of conditions asserted by Plaintiff are not "disabilities" under the ADA, pursuant to *Sutton v. United Airlines, Inc.*, 119 S.Ct. 2139 (1999).

Plaintiff contends as to Paragraphs 1, 3, 4, 7 and 9, that the law of the case by 10th Circuit opinion is contrary to Defendant's contentions which are rendered irrelevant or wrong.

2.    **THE FOLLOWING FACTS ARE ADMITTED**, and require no proof:

2

A.    Plaintiff made application for employment with Defendant on or about April 26, 1996.

B.    Plaintiff was not offered a position at Steeltek.

3.    The following facts, though not admitted, are not to be contested at trial by evidence of the contrary:

A.    Mr. Griffin does not have a physical or mental impairment that substantially limits one of the major activities of life.

Plaintiff contends this fact to be irrelevant.

4.    THE FOLLOWING ISSUES and no others remain to be litigated upon the trial;

A.    <u>Issues of fact:</u>

<u>Plaintiff's Version:</u>

(1)    Circumstances surrounding Defendant's seeking of applications for grinders, those who applied, and the filling of the job position.

(2)    Nature and extent of actual or nominal damage suffered by Plaintiff.

(3)    Nature and extent of punitive damages, if any, to be awarded.

(4)    Whether Plaintiff was denied the job as a result of the illegal questions being asked.

(5)    Whether, as a result of Plaintiff's charge or lawsuit, Defendant has corrected its application form so as not to ask the illegal ADA - related questions.

<u>Defendant's Version:</u>

(1)    Whether Plaintiff has a disability, which is a mental or physical impairment that substantially limits one of the major activities of life.

(2)    Whether Plaintiff has a physical impairment that is any psychological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal,, special sense organs, respiratory, speech, cardiovascular, reproductive, digestive, urinary, blood and circulation, lymphatic or endocrine glands or skin, or any mental or physiological disorder, such as mental retardation,

3

organic brain syndrome, emotional or mental illness, and specific learning disabilities.

(3)    Whether Plaintiff's impairment substantially limits a major life activity, which are the normal activities of living, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, reproducing and/or working.

(4)    Whether Plaintiff is a qualified individual with a disability, i.e., that he is otherwise qualified for the position Plaintiff desires and, with or without reasonable accommodation, he can perform the essential functions of that employment position.

(5)    Whether Defendant discriminated against Plaintiff because of his disability. That is, whether Defendant took an adverse employment action against Plaintiff because of Plaintiff's disability.

(6)    Whether Plaintiff sustained any damages which were the direct result of discrimination on the part of Defendant.

B.    Issues of Law

Plaintiff's Version:

(1)    Whether Defendant asked ADA - prohibited questions of applicants in April and May, 1996.

(2)    Whether, under the facts, Plaintiff is entitled to be put into the job.

(3)    Whether, under the facts, injunctive relief against Defendant for asking illegal ADA - related questions should be entered.

**Defendant objects to the inclusion of a request for injunction in the Pretrial Order for the reason that there has been no previous pleading or request for an injunction in this matter. Steeltek has long since discontinued the use of the subject questions, such that any request for an injunction, even if timely made, is moot.**

Defendant's Version:

(1)    Whether Plaintiff has a disability, which is a mental or physical impairment that substantially limits one of the major activities of life.

4

(2)    Whether Plaintiff has a physical impairment that is any psychological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory, speech, cardiovascular, reproductive, digestive, urinary, blood and circulation, lymphatic or endocrine glands or skin, or any mental or physiological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

(3)    Whether Plaintiff's impairment substantially limits a major life activity, which are the normal activities of living, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, reproducing and/or working.

(4)    Whether Plaintiff is a qualified individual with a disability, i.e., that he is otherwise qualified for the position Plaintiff desires and, with or without reasonable accommodation, he can perform the essential functions of that employment position.

(5)    Whether Defendant discriminated against Plaintiff because of his disability. That is, whether Defendant took an adverse employment action against Plaintiff because of Plaintiff's disability.

(6)    Whether Plaintiff sustained any damages which were the direct result of discrimination on the part of Defendant.

5.    This action is a jury matter, and is set of the Court's trial docket beginning May 24, 2000 at 9:30 a.m.

6.    The following witnesses may be called:

For Plaintiff:

| No. | Witness/Address | Testimony |
|-----|-----------------|-----------|
| 1. | Randy Griffin<br>1310 W. Marshall<br>Tulsa, OK 74127 | Deposed |
| 2. | Burtis Bible<br>716 S. Muskogee<br>Okmulgee, OK 74447 | Deposed |

5

| 3. | Dan Fry<br>Unknown | Will testify regarding his interactions with Plaintiff and Plaintiff's job application; considerations that Steeltek used in hiring; circumstances of no job being offered to Plaintiff. |
|---|---|---|
| 4. | Johnny McKnight<br>307 W. 33rd<br>Sand Springs, OK 74063 | Deposed |
| 5. | Donnie Friend<br>976 E. 61st, Apt. 9V<br>Tulsa, OK 74136 | Will testify regarding ad in the newspaper for a grinder by Defendant; phone and personal conversations with Defendant's employees regarding same; application for employment, including the illegal questions asked of him; and results of application. Will also testify regarding his own grinding experience, as well as an requirements for grinding experience from Defendant. |
| 6. | Lorenzo Terry<br>284 E. 53rd St. North<br>Tulsa, OK 74126 | Will testify regarding ad in the newspaper for a grinder by Defendant; phone and personal conversations with Defendant's employees regarding same; application for employment, including the illegal questions asked of him; and results of application. Will also testify regarding his own grinding experience, as well as an requirements for grinding experience from Defendant. |
| 7. | George W. Reibert<br>506 N. Cheyenne<br>Tulsa, OK 74103 | Will testify regarding ad in the newspaper for a grinder by Defendant; phone and personal conversations with Defendant's employees regarding same; application for employment, including the illegal questions asked of him; and results of application. Will also testify regarding his own grinding experience, as well as an requirements for grinding experience from Defendant. |

| 8. | James L. Grimes, Jr.<br>1831 N. College Ave., #15<br>Tulsa, OK 74110-2727 | Will testify regarding ad in the newspaper for a grinder by Defendant; phone and personal conversations with Defendant's employees regarding same; application for employment, including the illegal questions asked of him; and results of application. Will also testify regarding his own grinding experience, as well as an requirements for grinding experience from Defendant. |
| 9. | Jesse L. Clark<br>11328 E. 22nd, Bldg. 12, #5<br>Tulsa, OK 74129 | Will testify regarding ad in the newspaper for a grinder by Defendant; phone and personal conversations with Defendant's employees regarding same; application for employment, including the illegal questions asked of him; and results of application. Will also testify regarding his own grinding experience, as well as an requirements for grinding experience from Defendant. |
| 10. | Tereance I. Smith<br>1425 E. 62nd, Apt. 6<br>Tulsa, OK 74136 | Will testify regarding ad in the newspaper for a grinder by Defendant; phone and personal conversations with Defendant's employees regarding same; application for employment, including the illegal questions asked of him; and results of application. Will also testify regarding his own grinding experience, as well as an requirements for grinding experience from Defendant. |
| 11. | Defendant's Witnesses | |

**Defendant objects to the inclusion of witnesses 5 through 10, for the reason that the possibility of these individuals being witnesses has never been previously disclosed to Defendant.**

For Defendant:

| No. | Witness/Address | Testimony |
|-----|-----------------|-----------|
| 1. | Randy Griffin<br>1310 W. Marshall<br>Tulsa, OK 74127 | Circumstances surrounding job application, job and claims history, liability and damages testimony. |

7

| 2. | Burtis Bible<br>716 S. Muskogee<br>Okmulgee, OK 74447 | Circumstances surrounding his employment relationship with Steeltek and job history with Steeltek. |
|---|---|---|
| 3. | Dan Fry<br>Unknown | Circumstances surrounding application process of Randy Griffin. |
| 4. | Johnny McKnight<br>307 W. 33rd<br>Sand Springs, OK 74063 | Mr. McKnight will testify consistently with his previous Affidavit and deposition testimony and will additionally address all liability and damages issues. |

7.     The exhibits to be offered at trial, together with a statement of all admissions by and all issues between the parties, with respect thereto, are as follows:

For Plaintiff:

| No. | Exhibit | Objection | Authority |
|---|---|---|---|
| 1. | Application for Employment 4/26/96. | No | |
| 2. | Application for Employment 4/26/96 with Defendant's notes. | No | |
| 3. | Defendant's Answer to Interrogatory No. 3. | No | |
| 4. | Charge of Discrimination signed 5/24/96. | | Relevancy<br>Prejudice<br>Hearsay |
| 5. | Affidavit of Johnny McKnight signed March 17, 1997. | No | |
| 6. | Ad from the Tulsa World. | No | |
| 7. | Notice of right to sue issued January 16, 1997. | | Relevancy<br>Hearsay<br>Authentication |
| 8. | Blank application for employment. | No | |
| 9. | Defendant's statement to OHRC of number of employees. | | Relevancy<br>Prejudice |

| No. | | Objection | Authority |
|---|---|---|---|
| 10. | Johnny McKnight's statement to OHRC of number of employees. | | Relevancy Prejudice |
| 11. | Application for employment of Donnie Friend. | No | |
| 12. | Application for employment of Lorenzo Terry. | No | |
| 13. | Application for employment of George W. Reibert. | No | |
| 14. | Application for employment of James L. Grimes, Jr. | No | |
| 15. | Application for employment of Jesse L. Clark. | No | |
| 16. | Application for employment of Tereance I. Smith. | No | |
| 17. | Defendant's organizational chart. | | Relevancy |
| 18. | Defendant's exhibits | | |

For Defendant:

| No. | Exhibit | Objection | Authority |
|---|---|---|---|
| 1. | Plaintiff's Response to Motion to Dismiss 4-2-97 | | Relevancy; Prejudice/confusion FRE 402, 403 |
| 2. | Plaintiff's Response to Request for Admissions 4-22-97 | | Relevancy; not properly admissible FRE 402, FR Civ. P. 36 |
| 3. | Randy Griffin's Steeltek application | No | |
| 4. | Randy Griffin's Steeltek application with employer notes | No | |
| 5. | Ad from the *Tulsa World* | No | |
| 6. | Application for employment of Donnie Friend | No | |

| 7. | Application for employment of Lorenzo Terry | No | |
|---|---|---|---|
| 8. | Application for employment of George W. Reibert | No | |
| 9. | Application for employment of James L. Grimes, Jr. | No | |
| 10. | Application for employment of Jesse L. Clark | No | |
| 11. | Application for employment of Tereance I. Smith | No | |
| 12. | File material, *Griffin v. Vinyard Plating*, U.S.D.C. N.D.O., 98-CV-524 | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |
| 13. | Court file material, *Griffin v. Lloyd Richards Temporary*, U.S.D.C. N.D.O., 96-CV-463 | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |
| 14. | Workers' compensation file, *Griffin v. Troco Oils*, 1990 No. 05312A | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |

| | | | |
|---|---|---|---|
| 15. | Workers' compensation file, *Griffin v. Troco Oils*, 1990 No. 05535R | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |
| 16. | Workers' compensation file, *Griffin v. Southerland Lumber*, 6-14-92, No. 13886F | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |
| 17. | Workers' compensation file, *Griffin v. Industrial Oils*, 11-18-93, 1994, No. 13886F | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |
| 18. | Workers' compensation file, *Griffin v. Sears*, 12-4-96, 1997, No. 02415Q | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |

11

| 19. | Workers' compensation file, *Griffin v. Concrete Placement, Inc.*, 6-12-98, 1998, No. 098924 | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |
|---|---|---|---|
| 20. | Workers' compensation file, *Griffin v. Sears*, 2-16-98, 1998, No. 116504 | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |
| 21. | Workers' compensation file, *Griffin v. Staffing Solutions*, 7-23-99, No. 13015R | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |
| 22. | Workers' compensation file, *Griffin v. Cotton Dale Woods*, 7-25-99, No. 130161 | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |

| 23. | 5-4-00 letter from Lori Arnold, Yuba Heat Transfer | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |
| --- | --- | --- | --- |
| 24. | Subpoenaed materials from Jarboe | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |

| 25. | Subpoenaed materials from Yuba Heat Transfer | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |
| --- | --- | --- | --- |
| 26. | Subpoenaed materials from Industrial Oils Unlimited | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |

| 27. | Subpoenaed materials from Oklahoma Human Rights Commission | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged; Improper opinion evidence, FRE 701-705 |
| --- | --- | --- | --- |
| 28. | Subpoenaed materials from Centrilift | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |

| 29. | Subpoenaed materials from Pro-Quip | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |
|---|---|---|---|
| 30. | Subpoenaed materials from Lloyd Richards Personnel Services | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |

| 31. | Subpoenaed materials from Allied Fence | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |
|---|---|---|---|
| 32. | Subpoenaed materials from Homeland | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |

| | | | |
|---|---|---|---|
| 33. | Subpoenaed materials from Daveco Construction | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |
| 34. | Subpoenaed materials from Troco Oil Co. | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |

| 35. | Subpoenaed materials from Troco Oils | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |
|---|---|---|---|
| 36. | Subpoenaed materials from Shirley's Employment Service | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |

| 37. | Subpoenaed materials from Sutherland Lumber | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |
|---|---|---|---|
| 38. | Subpoenaed materials from Sears | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |

20

| 39. | Subpoenaed materials from Staffing Solutions | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |
|-----|-----|-----|-----|
| 40. | Subpoenaed materials from Cotton Dale | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |

| 41. | Subpoenaed materials from Auto Zone | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 Not proper for discovery; Designated too late; Reserve other objections until exchanged |
|---|---|---|---|
| 42. | File materials from Case No. CS-1992-3802, styled *Security Pacific Financial Ser. v. Randy Griffin* | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |
| 43. | File materials from Case No. SC-1991-13153, Randy Griffin | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |

| 44. | File materials from Case No. FD-1995-3626, Randy Griffin | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |
|---|---|---|---|
| 45. | File materials from Case No. SC-1992-6216, Randy Griffin | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |
| 46. | File materials from Case No. NF-1993-3082, styled *State of Oklahoma v. Randy Griffin* | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802; See Motion in Limine |
| 47. | File materials from Case No. CS-1993-5126, styled *Stacy Cotton v. Randy D. Griffin* | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |

| 48. | File materials from Case No. TR-1993-7030, styled *State of Oklahoma v. Randy Denogus Griffin* | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802; See Motion in Limine |
|-----|---|---|---|
| 49. | File materials from Case No. TR-1994-8892, styled *State of Oklahoma v. Randy D. Griffin* | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802; See Motion in Limine |
| 50. | File materials from Case No. TR-1994-8894, styled *State of Oklahoma v. Randy D. Griffin* | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802; See Motion in Limine |

| 51. | File materials from Case No. TR-1996-11385, styled *State of Oklahoma v. Randy D. Griffin* | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802; See Motion in Limine |
|---|---|---|---|
| 52. | File materials from Case No. TR-1996-11386, styled *State of Oklahoma v. Randy D. Griffin* | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802; See Motion in Limine |
| 53. | File materials from Case No. FD-1993-8764, Randy Griffin | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802; See Motion in Limine |

| 54. | File materials from Case No. ML-1989-3495, styled *In re: The Marriage of Monica Rena Marshall and Randy Denogus Griffin* | | Relevancy Prejudice/confusion Motion in Limine FRE 402, 403 Lack of Authentication, identification FRE 901, 902 Hearsay, FRE 802 |
|---|---|---|---|

8. The possibility of settlement of this case is unlikely.

9. The parties anticipate the estimated total trial time to be two days.

10. The foregoing admissions having been made by the parties, the parties having specified all issues of fact and law and defenses remaining to be litigated, the Court having heard all additions, corrections and arguments, this ORDER shall supplement the pleadings and govern the course of the trial of this matter, unless modified to prevent manifest injustice.

Dated this _15_ day of May, 2000.

_____
TERRY C. KERN
Judge of the U.S. District Court


_____
Attorney for Plaintiff


_____
Attorney for Defendant

1348\0001\Pleading\PTO

26